UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____              │
│ DATE FILED: March 9, 2016            │
└─────────────────────────────────────┘
```

-------------------------------------------------- X

FRANCISCO VARGAS, :

                        Plaintiff, :

                      -v- :             14-cv-2511 (KBF)

                          :

DETECTIVE JOSEPH M. MARQUEZ, Shield :       ORDER
No. 530,

                      Defendant. :

-------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

      The Court files the following documents to the docket in this matter:

        1.  Version 1 of the jury charge, as of March 3, 2016.

        2.  Version 2 of the jury charge, as of March 7, 2016.

        3.  Version 3 of the jury charge, as of March 7, 2016.

        4.  Version 4 of the jury charge, as of March 8, 2016.

        5.  The final jury charge, as delivered.

        6.  Version 1 of the verdict sheet, as of March 3, 2016.

        7.  The final verdict sheet, as delivered.

      SO ORDERED.

Dated:     New York, New York
           March 9, 2016

                           _____
                              KATHERINE B. FORREST
                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
---                                              :
                                                 :
FRANCISCO VARGAS,                                :
                                                 :          14-cv-2511 (KBF)
                        Plaintiff,               :
                -v-                              :
                                                 :
                                                 :
DETECTIVE JOSEPH MARQUEZ,                         :
                                                 :
                        Defendant.       X
-------------------------------------------------------
----

**<u>JURY CHARGES</u>**

## GENERAL INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

### Role of the Jury

Your role is to pass upon and decide the facts in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.In determining the facts, you must rely upon your own recollection of the evidence.

**Evidence**

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence.  It is only the answer which is evidence.  Remember also that you are not to consider statements that I struck or told you to disregard.  That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is direct evidence.  This kind of evidence can bea witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard.  Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.  We discussed a simple example of circumstantial evidence about umbrellas and rainwhen I spoke to you at the beginning of this trial.  Another example is this—we will stick to the weather:

Suppose one night in January, the sky is clear when you go to sleep.  When you wake up in the morning and look outside, you see a blanket of white fluff on the ground.  You do not have direct evidence that it snowed—you didn't touch it or feel

4

it or see it happen.  But it would be reasonable and logical—though not necessarily required—for you to conclude that sometime while you were asleep, it had snowed.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.  Circumstantial evidence is not any less valuable than direct evidence.  The law makes no distinction between direct and circumstantial evidence.  It simply requires that you, the jury, decide the facts by taking into account of and weighing all the evidence, both direct and circumstantial.

Here, you have heard testimony from a number of witnesses.  I will expand on this in a moment, but I want to stress that <u>you</u> are the sole judges of the credibility of these witnesses and <u>you</u> weigh the evidence.  You must look at the facts as objectively as you can—and it is within your role as jurors to draw reasonable inferences from these objective facts.

Finally, let me state a final point: when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

### Credibility of Witnesses

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open and candid?  Or did the witness appear evasive or as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every

6

detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

Similarly, in deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.

What you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

When you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inference as would be justified in light of your experience and common sense.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

### Testimony of Police Officers

In this case you have heard the testimony of (a) police officer(s). The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved

solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

## **Burden of Proof**

The standard under which you will decide whether a party has met its burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means that the evidence of the party having the burden of proof must be more convincing and persuasive to you than that offered by the opposing party.  The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof.  When something is proven by a preponderance of the evidence, it means that what the party claims is more likely than not true.

**SUBSTANTIVE INSTRUCTIONS**

I.      <u>**False Arrest**</u>

Plaintiff has brought a false arrest claim under 42 U.S.C. § 1983, which is a federal civil rights law. Every person is entitled to be free from an unlawful or false arrest.  It is uncontested that plaintiff was arrested and detained.  An arrest is lawful if it is supported by probable cause.

There are several elements of a false arrest claim, and plaintiff has the burden to prove each of them by a preponderance of the evidence.  Only two of the elements are in dispute here.  Those are:

(1)     Whether the defendant intentionally or recklessly deprived the plaintiff of a right to be free from a false arrest—that is, whether defendant lacked probable cause and intentionally or recklessly arrested plaintiff—and,

(2)      Whether defendant's acts were the proximate cause of any injuries that plaintiff may have sustained.

**Probable Cause**

Probable cause to arrest existed if the defendant officer had:

(1)     Knowledge or reasonably trustworthy information of facts and circumstances that were

(2)     sufficient to warrant a person of reasonable caution in the belief that plaintiff had committed, was committing, or was about to commit a crime.

An officer bases a determination of probable cause based on the totality of circumstances at the time of the events, as viewed by a reasonable and prudent police officer in light of his training and experience.  Put another way, probable cause exists when an officer has knowledge of facts and circumstances that collectively are of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that the person arrested committed a crime.

Probable cause requires only the probability of criminal activity; it does not require certainty.  Nor does it not require an actual showing of criminal activity. Moreover, it is not necessary to show that there was probable cause for each possible crime that an arrestee committed or was committing.  The officer need only have probable cause to believe that the arrestee was committing or had committed a crime.  So long as there is probable cause for some crime, it is irrelevant if the crime the officer had in mind was the crime for which there was probable cause.  An arrest made with probable cause is lawful even though it may end up that the

10

plaintiff may not in fact have committed any of the crimes for which she was arrested.  The law also provides that the police officer's subjective reason—that is, his state of mind— for making the arrest is irrelevant if probable cause otherwise exists.

The existence of probable cause is measured by the facts available to the officer at the time of the arrest and immediately before it, not based on later developments with the benefit of hindsight.  Thus, the ultimate disposition of the criminal charges against plaintiff is irrelevant to this question.  Once there is probable cause to arrest an individual, the officer is not required to conduct a "more probing investigation," for example, by accepting explanations or defenses from the plaintiff.  A police officer's function is to apprehend those reasonably suspected of wrongdoing, and he is expected to act when the facts establish the sort of fair probability of a crime that would cause a reasonable and prudent person, not a legal technician, to act.

Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it.

In addition, if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may arrest the offender. This means that if there was probable cause at the time of the arrest to believe that plaintiff had committed any crime, then the arrest was lawful. Furthermore, if there is probable cause to arrest someone, the officer may do so, even if he has the option of issuing a summons instead.

11

I therefore will instruct you on the definitions of four different crimes under New York law which you should consider in determining whether the defendant had probable cause to arrest plaintiff.  Bear in mind, however, that you are being asked only to decide whether the defendant had probable cause to arrest the plaintiff for any of any of these crimes, not whether the plaintiff in fact was guilty of any of these crimes.

**First**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal sale of a controlled substance in the third degree</u>.  A person is guilty of criminal sale of a controlled substance in the third degree when that person knowingly and unlawfully sells a narcotic drug.

- "Sell" means to sell, exchange, give or dispose of to another.

- A person "knowingly sells" cocaine when that person is aware that he or she is selling a substance which contains cocaine.

- A person "unlawfully sells" cocaine when that person has no legal right to sell it.  Under New York law, with certain exceptions not applicable here, a person has no legal right to sell cocaine.

**Second**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the third degree</u>.  A person is guilty of criminal possession of a controlled substance in the third degree when that person knowingly and unlawfully possesses cocaine with the intent to sell it.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

- A person "knowingly possesses" cocaine when that person is aware that he or she is in possession of cocaine.

- A person "unlawfully possesses" cocaine when that person has no legal right to possess it.  Under New York law, with certain exceptions not applicable here, a person has no legal right to possess cocaine.

- "Sell" means to sell, exchange, give or dispose of to another.

- "Intent" means conscious objective or purpose.  Thus, a person possesses cocaine with intent to sell it when his or her conscious objective or purpose is to sell the cocaine.

**Third**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the seventh degree</u>.  A person is guilty of criminal possession of a controlled substance in the seventh degree when that person knowingly and unlawfully possesses cocaine.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

- A person "knowingly possesses" a controlled substance when that person is aware that he or she is in possession of cocaine.

- A person "unlawfully possesses" a controlled substance when that person has no legal right to possess that substance.  Under our law,

13

with certain exceptions not applicable here, a person has no legal right to possess cocaine.

**Fourth,** the defendant contends that there was probable cause to arrest the plaintiff for <u>attempting to commit a crime</u>.  A person is guilty of attempting to commit a crime when, with intent to commit a crime, that person engages in conduct which tends to effect the commission of such crime.

- "Intent" means a conscious objective or purpose. Thus, a person acts with intent to commit a crime when his or her conscious objective or purpose is to commit that crime.
- Conduct which "tends to effect" the commission of a crime means conduct which comes dangerously close or very near to the completion of the intended crime.

If, at the time the defendant arrested the plaintiff, there was probable cause to believe that he had committed any of these criminal acts, then you must find for defendant.  If defendant lacked probable cause for the arrest, and all the other elements I have described are satisfied, then he did violate the plaintiff's constitutional rights, and you must find that he falsely arrested plaintiff.  Please also note that you do not have to all agree on the specific crime for which probable cause existed, as long as you are unanimous in that each of you finds probable cause for at least one crime.  You only need to be unanimous in finding that probable cause existed for the arrest.

**<u>Intent</u>**

To prove a claim for false arrest, plaintiff bears the burden of showing that the defendant acted intentionally or recklessly in committing the acts that plaintiff alleges violated her federal rights.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

## II.   __Malicious Prosecution__

Plaintiff has brought a malicious prosecution claim under 42 U.S.C. § 1983, which is a federal civil rights law.  Plaintiff claims that the defendant maliciously commenced a criminal proceeding against him.   A malicious prosecution claim has several elements, each of which the plaintiff bears the burden to prove by a preponderance of the evidence.  Only three elements are contested here:

(1)   That defendant initiated or continued a criminal proceeding against him;

(2)   That there was no probable cause to believe that the criminal proceeding against plaintiff could succeed; and

(3)   That at the time the proceeding was initiated, the defendant acted with actual malice toward the plaintiff.

If the plaintiff proves by a preponderance of the evidence that each of these elements is true, your verdict must be for him on this claim.  On the other hand, if he has not, your verdict must be for the defendant on this claim.

**Commencement of Criminal Proceedings**

A defendant may be said to have initiated a criminal prosecution if the defendant

    a.    directed or required a prosecutor to prosecute,

    b.    gave the prosecutor, directly or indirectly, such as through the filing of a felony or misdemeanor complaint, information which the defendant knew to be false; or

    c.    withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute.

**<u>Probable Cause</u>**

I previously defined probable cause and the crimes charged when arrested. The existence of probable cause is measured at the time the prosecution was initiated. Probable cause to commence a criminal proceeding exists when a defendant has knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the plaintiff in the manner complained of.  It is not necessary for the officer to be certain that the prosecution will be successful; only that he has reason to believe that it could be successful.

The question for you to answer is whether plaintiff has proven, by a preponderance of the evidence, that defendant lacked probable cause to believe that plaintiff should be prosecuted for the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, or criminal possession of a controlled substance in the seventh degree.

**Malice**

A prosecution is initiated maliciously if it is done for a purpose other than bringing an offender to justice, or out of ill will, or in reckless disregard of the rights of the person accused.  To show malice, plaintiff does not have to prove that defendant acted with actual intent to do him harm, although that is sufficient; rather, you may infer malice if you conclude that the defendant acted without probable cause, or with a reckless disregard for plaintiff's rights.

A claim of malicious prosecution redresses any injuries arising from the period from plaintiff's initial arraignment before a court on January 20, 2013, until the prosecution ended with a dismissal of all charges on February 8, 2013 that were proximately caused by the malicious prosecution.

### III.   **<u>Proximate Cause</u>**

To prevail on either of the two claims described above, false arrest or malicious prosecution, plaintiff must prove that the defendant's acts were the proximate cause of any injuries plaintiff may have sustained.  An act is a proximate cause of an injury if it is a substantial factor in bringing about the injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.  Thus, proximate cause is satisfied if you find that defendant's acts were a substantial factor in bringing about or actually causing plaintiff injuries, that is, if the injury was a reasonably foreseeable consequence of any of defendant's acts.

IV.  **Damages**

I will now instruct you on damages.  You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.  I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

**Purpose of Damages**

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights.  If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate her for any injury caused by the conduct of the defendant.

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive.  You must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.  In calculating damages, do not add any amount for interest.  The Court will do that automatically.

**Compensatory Damages**

Your decision on whether to award damages and the amount must be unanimous.  If the plaintiff has proved all of the required elements of his claim, then you must award his a sum of money that you believe will fairly and justly compensate her for any injury you determine he actually sustained as a proximate result of the defendant's misconduct with regard to that claim.  Such damages are called compensatory or actual damages.  It is for you to determine the amount, if any, of money that would compensate plaintiff for any injury.

Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and unjustified loss of liberty.  In addition, if you find the plaintiff has mental anguish and suffering as a proximate result of the injuries sustained, these are recoverable as compensatory damages.

Damages for false arrest and malicious prosecution accrue at the time of the arrest or confinement and end at the conclusion of such arrest or confinement and prosecution. They may include, however, mental anguish or suffering that went beyond the time of the actual confinement.

Finally, compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.

## __Nominal Damages__

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that she is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damagesis called "nominal damages."

**<u>Attorney's Fees</u>**

The award of attorneys' fees is a matter to be determined by the Court under federal law. Accordingly, if you award any damages to plaintiff for his claim against defendant, including nominal damages, you should not take into consideration the fees that plaintiff may have to pay his attorneys.

**Punitive Damages**

If you find that plaintiff has proven that defendant is liable for falsely arresting her, then you may also, in your discretion, make an award of punitive damages.  Punitive damages may be awarded even if you find plaintiff has not suffered any actual damages.  To be clear, if you find plaintiff has proven defendant's liability, you may – but are not obliged to – consider an award of punitive damages.

Punitive damages are awarded when, in your discretion, you deem it appropriate to award a sum of money to punish the defendant and to deter him and others from similar conduct in the future.You may only award Plaintiff punitive damages if you find that the defendant acted maliciously or wantonly.  An act is "malicious" if done with an evil motive or intent to violate a person's rights.  An act is "wanton" if done with a reckless or callous disregard for a person's rights, meaning that the act is done without a belief that the act is legal and with knowledge that it might not be.  You have the discretion to make such an award to deter or prevent a defendant and others like him, from committing such conduct in the future.

Should you decide to award punitive damages on a claim, you should bear in mind that the amount is not intended to compensate plaintiff for her injuries but rather to punish the defendant or to prevent similar conduct in the future.  In deciding whether to award punitive damages, you should consider whether defendants may be adequately punished by an award of actual damages only, or

whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages, standing alone, are likely to deter or prevent this defendant from similar wrongful conduct in the future or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

Thus, if you find by a preponderance of the evidence that the defendant acted wantonly or malice with regard to plaintiff's federally protected rights, then you may award punitive damages.  Again, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

Finally, as with all counts and any award of damages, you the jury must be unanimous both that punitive damages should be imposed and as to any amount you decide to impose.

## V.    <u>**Reasonable Belief**</u>

The first question on your verdict sheet will ask you to consider the defendant's "reasonable belief" about whether the plaintiff committed a crime.  In this context, the defendant's belief that the probable cause test was met was reasonable if police officers of reasonable competence could reach the same conclusion.  In other words, the belief was reasonable unless only incompetent officers could hold that belief under the circumstances.

**CONCLUDING REMARKS**

**<u>Juror Note-Taking</u>**

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

**<u>Deliberations</u>**

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict

or solely because of the opinions of other jurors.  Adopt the conclusion that you honestly believe to be true.

During your deliberations, you will have the exhibits available to you.  You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

## **Procedure**

Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.  The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, just send me a note.  As I said, you have a copy of this set of instructions to take with you into the jury room.  You are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including the Court, at any time during your deliberations.

30

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
---                                              :
                                                 :
FRANCISCO VARGAS,                                :
                                                 :           14-cv-2511 (KBF)
                              Plaintiff,         :
                    -v-                           :
                                                 :
                                                 :
DETECTIVE JOSEPH MARQUEZ,                         :
                                                 :
                              Defendant.    X
--------------------------------------------------------
----

**<u>JURY CHARGES</u>**

## GENERAL INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

### Role of the Jury

Your role is to pass upon and decide the facts in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining the facts, you must rely upon your own recollection of the evidence.

## Evidence

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence.  It is only the answer which is evidence.  Remember also that you are not to consider statements that I struck or told you to disregard.  That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is direct evidence.  This kind of evidence can be a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard.  Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.  We discussed a simple example of circumstantial evidence about umbrellas and rain when I spoke to you at the beginning of this trial.  Another example is this—we will stick to the weather:

Suppose one night in January, the sky is clear when you go to sleep.  When you wake up in the morning and look outside, you see a blanket of white fluff on the ground.  You do not have direct evidence that it snowed—you didn't touch it or feel

34

it or see it happen.  But it would be reasonable and logical—though not necessarily required—for you to conclude that sometime while you were asleep, it had snowed.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.  Circumstantial evidence is not any less valuable than direct evidence.  The law makes no distinction between direct and circumstantial evidence.  It simply requires that you, the jury, decide the facts by taking into account of and weighing all the evidence, both direct and circumstantial.

## Credibility of Witnesses

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open and candid?  Or did the witness appear evasive or as though the witness was trying to hide something? How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every

36

detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

Similarly, in deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.

What you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

When you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inference as would be justified in light of your experience and common sense.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

### Testimony of Police Officers

In this case you have heard the testimony of (a) police officer(s). The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved

solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

### **Burden of Proof**

The standard under which you will decide whether a party has met its burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means that the evidence of the party having the burden of proof must be more convincing and persuasive to you than that offered by the opposing party.  The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof.  When something is proven by a preponderance of the evidence, it means that what the party claims is more likely than not true.

**SUBSTANTIVE INSTRUCTIONS**

### VI.   <u>False Arrest</u>

Plaintiff has brought a false arrest claim under 42 U.S.C. § 1983, which is a federal civil rights law. Every person is entitled to be free from an unlawful or false arrest.  It is uncontested that plaintiff was arrested and detained.  An arrest is lawful if it is supported by probable cause.

There are several elements of a false arrest claim, and plaintiff has the burden to prove each of them by a preponderance of the evidence.  Only two of the elements are in dispute here.  Those are:

(3)   Whether the defendant intentionally or recklessly deprived the plaintiff of a right to be free from a false arrest—that is, whether defendant lacked probable cause and intentionally or recklessly arrested plaintiff—and,

(4)    Whether defendant's acts were the proximate cause of any injuries that plaintiff may have sustained.

**<u>Intent</u>**

To prove a claim for false arrest, plaintiff bears the burden of showing that the defendant acted intentionally or recklessly when he arrested the plaintiff without probable cause.  I will explain "probable cause" to you in a moment.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

**Probable Cause**

Probable cause to arrest existed if the defendant officer had:

(3)     Knowledge or reasonably trustworthy information of facts and circumstances that were

(4)     sufficient to warrant a person of reasonable caution in the belief that plaintiff had committed, was committing, or was about to commit a crime.

An officer bases a determination of probable cause based on the totality of circumstances at the time of the events, as viewed by a reasonable and prudent police officer in light of his training and experience.  Put another way, probable cause exists when an officer has knowledge of facts and circumstances that collectively are of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that the person arrested committed a crime.

Probable cause requires only the probability of criminal activity; it does not require certainty.  Nor does it not require an actual showing of criminal activity.  Moreover, it is not necessary to show that there was probable cause for each possible crime that an arrestee committed or was committing.  The officer need only have probable cause to believe that the arrestee was committing or had committed a crime.  So long as there is probable cause for some crime, it is irrelevant if the crime the officer had in mind was the crime for which there was probable cause.

41

An arrest made with probable cause is lawful even though it may end up that the plaintiff may not in fact have committed any of the crimes for which he was arrested.  The law also provides that the police officer's subjective reason—that is, his state of mind— for making the arrest is irrelevant if probable cause otherwise exists.

The existence of probable cause is measured by the facts available to the officer at the time of the arrest and immediately before it, not based on later developments with the benefit of hindsight.  Thus, the ultimate disposition of the criminal charges against plaintiff is irrelevant to this question.  That is, probable cause for arrest may exist even if the charges are ultimately dismissed.  Once there is probable cause to arrest an individual, the officer is not required to conduct a "more probing investigation," for example, by accepting explanations or defenses from the plaintiff.  A police officer's function is to apprehend those reasonably suspected of wrongdoing, and he is expected to act when the facts establish the sort of fair probability of a crime that would cause a reasonable and prudent person, not a legal technician, to act.

Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it.

In addition, if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may arrest the offender. This means that if there was probable cause at the time of the arrest to believe that plaintiff had committed any crime, then the arrest was lawful.

42

Furthermore, if there is probable cause to arrest someone, the officer may do so, even if he has the option of issuing a summons instead.

I therefore will instruct you on the definitions of four different crimes under New York law which you should consider in determining whether the defendant had probable cause to arrest plaintiff.  Bear in mind, however, that you are being asked only to decide whether the defendant had probable cause to arrest the plaintiff for any of any of these crimes, not whether the plaintiff in fact was guilty of any of these crimes.

**First**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal sale of a controlled substance in the third degree</u>.  A person is guilty of criminal sale of a controlled substance in the third degree when that person knowingly and unlawfully sells a narcotic drug.

- "Sell" means to sell, exchange, give or dispose of to another.

- A person "knowingly sells" cocaine when that person is aware that he or she is selling a substance which contains cocaine.

- A person "unlawfully sells" cocaine when that person has no legal right to sell it.  Under New York law, with certain exceptions not applicable here, a person has no legal right to sell cocaine.

**Second**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the third degree</u>.  A person is guilty of criminal possession of a controlled substance in the third degree

when that person knowingly and unlawfully possesses cocaine with the intent to sell it.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

- A person "knowingly possesses" cocaine when that person is aware that he or she is in possession of cocaine.

- A person "unlawfully possesses" cocaine when that person has no legal right to possess it.  Under New York law, with certain exceptions not applicable here, a person has no legal right to possess cocaine.

- "Sell" means to sell, exchange, give or dispose of to another.

- "Intent" means conscious objective or purpose.  Thus, a person possesses cocaine with intent to sell it when his or her conscious objective or purpose is to sell the cocaine.

**Third**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the seventh degree</u>.  A person is guilty of criminal possession of a controlled substance in the seventh degree when that person knowingly and unlawfully possesses cocaine.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

- A person "knowingly possesses" a controlled substance when that person is aware that he or she is in possession of cocaine.

- A person "unlawfully possesses" a controlled substance when that person has no legal right to possess that substance. Under our law, with certain exceptions not applicable here, a person has no legal right to possess cocaine.

**Fourth,** the defendant contends that there was probable cause to arrest the plaintiff for <u>attempting to commit a crime</u>. A person is guilty of attempting to commit a crime when, with intent to commit a crime, that person engages in conduct which tends to effect the commission of such crime.

- "Intent" means a conscious objective or purpose. Thus, a person acts with intent to commit a crime when his or her conscious objective or purpose is to commit that crime.
- Conduct which "tends to effect" the commission of a crime means conduct which comes dangerously close or very near to the completion of the intended crime.

If, at the time the defendant arrested the plaintiff, there was probable cause to believe that he had committed any of these criminal acts, then you must find for defendant. If defendant lacked probable cause for the arrest, and all the other elements I have described are satisfied, then he did violate the plaintiff's constitutional rights, and you must find that he falsely arrested plaintiff. Please also note that you do not have to all agree on the specific crime for which probable cause existed, as long as you are unanimous in that each of you finds probable cause

for at least one crime.  You only need to be unanimous in finding that probable

cause existed for the arrest.

## VII.   **Damages**

I will now instruct you on damages.  You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.  I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

## Purpose of Damages

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights. If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate her for any injury caused by the conduct of the defendant.

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive. You must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In calculating damages, do not add any amount for interest. The Court will do that automatically.

**Compensatory Damages**

Your decision on whether to award damages and the amount must be unanimous.  If the plaintiff has proved all of the required elements of a claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you determine he actually sustained as a proximate result of the defendant's misconduct with regard to that claim.  It is for you to determine the amount, if any, of money that would compensate plaintiff.

Compensatory damages are only those proximately caused by the actions of the defendant.  An act is a <u>proximate cause</u> of an injury if it is a substantial factor in bringing about the injury, and if the injury was a <u>reasonably foreseeable consequence</u> of the act.  Let me describe a few of these concepts to you.

First, you must always bear in mind when considering the issue of proximate cause that you are focused on the acts of the defendant.  That is, while other individuals may have played roles in the plaintiff's arrest and prosecution, the question for you in this case relates to this particular defendant's actions.

Second, proximate cause does not mean the sole or only cause.  An action by the defendant need only have been a substantial factor in bringing about something in order for it to constitute proximate cause.

Third, an action only proximately causes those consequences that are reasonable foreseeable.  To be "reasonable foreseeable," an event must be able to be anticipated as a natural consequence.  The law draws a line between remote possibilities and those that are reasonably foreseeable because no person can be

expected to guard against harm from events which are so unlikely to occur that the risk would commonly be disregarded.  The defendant is not charged with or responsible for acts of others that were not reasonably foreseeable.

Thus, if you find that defendant did falsely arrest the plaintiff, he is only liable for the reasonably foreseeable damages proximately caused by his own actions.

Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and unjustified loss of liberty.  In addition, if you find the plaintiff has mental anguish and suffering as a proximate result of the injuries sustained, these are recoverable as compensatory damages.  Damages for false arrest accrue at the time of the arrest and end at the arraignment.  They may include, however, mental anguish or suffering that went beyond the time of the actual confinement.

Finally, compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.

## **Nominal Damages**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that he is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damages is called "nominal damages."

**<u>Attorney's Fees</u>**

The award of attorneys' fees is a matter to be determined by the Court under federal law. Accordingly, if you award any damages to plaintiff for his claim against defendant, including nominal damages, you should not take into consideration any attorneys' fees.

## Punitive Damages

If you find that plaintiff has proven that defendant is liable for false arrest, then you may also, in your discretion, make an award of punitive damages. Punitive damages may be awarded even if you find plaintiff has not suffered any actual damages.  To be clear, if you find plaintiff has proven defendant's liability, you may – but are not obliged to – consider an award of punitive damages.

Punitive damages are awarded when, in your discretion, you deem it appropriate to award a sum of money to punish the defendant and to deter him and others from similar conduct in the future.  You may only award plaintiff punitive damages if you find that the defendant acted maliciously or wantonly.  An act is "malicious" if done with an evil motive or intent to violate a person's rights.  An act is "wanton" if done with a reckless or callous disregard for a person's rights, meaning that the act is done without a belief that the act is legal and with knowledge that it might not be.  You have the discretion to make such an award to deter or prevent a defendant and others like him, from committing such conduct in the future.

Should you decide to award punitive damages on a claim, you should bear in mind that the amount is not intended to compensate plaintiff for his injuries but rather to punish the defendant or to prevent similar conduct in the future.  In deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or

whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

Finally, you the jury must be unanimous both that punitive damages should be imposed and as to any amount you decide to impose.

**CONCLUDING REMARKS**

**Juror Note-Taking**

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

**Deliberations**

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict

or solely because of the opinions of other jurors.  Adopt the conclusion that you honestly believe to be true.

During your deliberations, you will have the exhibits available to you.  You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

### **Procedure**

Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.  The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, just send me a note.  As I said, you have a copy of this set of instructions to take with you into the jury room.  You are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including the Court, at any time during your deliberations.

56

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
---                                              :
                                                 :
FRANCISCO VARGAS,                                :
                                                 :          14-cv-2511 (KBF)
                        Plaintiff,               :
                -v-                              :
                                                 :
                                                 :
DETECTIVE JOSEPH MARQUEZ,                        :
                                                 :
                        Defendant.      X
-------------------------------------------------------
----

**<u>JURY CHARGES</u>**

## GENERAL INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you. Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you. If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

### Role of the Jury

Your role is to pass upon and decide the facts in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. In determining the facts, you must rely upon your own recollection of the evidence.

## Evidence

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence.  It is only the answer which is evidence.  Remember also that you are not to consider statements that I struck or told you to disregard.  That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is direct evidence.  This kind of evidence can be a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard.  Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.  We discussed a simple example of circumstantial evidence about umbrellas and rain when I spoke to you at the beginning of this trial.  Another example is this—we will stick to the weather:

Suppose one night in January, the sky is clear when you go to sleep.  When you wake up in the morning and look outside, you see a blanket of white fluff on the ground.  You do not have direct evidence that it snowed—you didn't touch it or feel

it or see it happen.  But it would be reasonable and logical—though not necessarily required—for you to conclude that sometime while you were asleep, it had snowed.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.  Circumstantial evidence is not any less valuable than direct evidence.  The law makes no distinction between direct and circumstantial evidence.  It simply requires that you, the jury, decide the facts by taking into account of and weighing all the evidence, both direct and circumstantial.

**<u>Credibility of Witnesses</u>**

Now for the important subject of evaluating testimony. How do you evaluate the credibility or believability of the witnesses? The answer is that you use your plain common sense. Common sense is your greatest asset as a juror. You should ask yourselves: Did the witness impress you as honest, open and candid? Or did the witness appear evasive or as though the witness was trying to hide something? How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified. You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully. If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care. It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe. Few people recall every

detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

### **Testimony of Police Officers**

In this case you have heard the testimony of (a) police officer(s). The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

**<u>Burden of Proof</u>**

The standard under which you will decide whether a party has met its burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means that the evidence of the party having the burden of proof must be more convincing and persuasive to you than that offered by the opposing party.  The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof.  When something is proven by a preponderance of the evidence, it means that what the party claims is more likely than not true.

**SUBSTANTIVE INSTRUCTIONS**

## VIII.  <u>False Arrest</u>

Plaintiff has brought a false arrest claim under 42 U.S.C. § 1983, which is a federal civil rights law. Every person is entitled to be free from an unlawful or false arrest.  It is uncontested that plaintiff was arrested and detained.  An arrest is lawful if it is supported by probable cause.

There are several elements of a false arrest claim, and plaintiff has the burden to prove each of them by a preponderance of the evidence.  Only two of the elements are in dispute here.  Those are:

(5)   Whether the defendant intentionally or recklessly deprived the plaintiff of a right to be free from a false arrest—that is, whether defendant lacked probable cause and intentionally or recklessly arrested plaintiff—and,

(6)    Whether defendant's acts were the proximate cause of any injuries that plaintiff may have sustained.

### Intent

Let's talk first about intent.  As I just mentioned, to prove a claim for false arrest, plaintiff bears the burden of showing that the defendant acted intentionally or recklessly when he arrested the plaintiff without probable cause.  I will explain "probable cause" to you in a moment.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

**Probable Cause**

Probable cause to arrest existed if the defendant officer had:

(5)     Knowledge or reasonably trustworthy information of facts and
        circumstances that were

(6)     sufficient to warrant a person of reasonable caution in the belief that
        plaintiff had committed, was committing, or was about to commit a
        crime.

An officer bases a determination of probable cause on the totality of circumstances at the time of the events, as viewed by a reasonable and prudent police officer in light of his training and experience.  Probable cause exists when an officer has knowledge of facts and circumstances that collectively are of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that the person arrested committed, was committing, or was about to commit a crime.

Probable cause requires only the probability of criminal activity; it does not require certainty.  Nor does it not require an actual showing of criminal activity.  Moreover, it is not necessary to show that there was probable cause for each possible crime that an arrestee had committed, was committing, or was about to commit.  The officer need only have probable cause to believe that the arrestee had committed, was committing, or was about to commit a crime.  Thus, so long as there is probable cause for some crime, it is irrelevant if the crime the officer had in mind was the crime for which there was probable cause.

An arrest made with probable cause is lawful even though it may end up that the plaintiff may not in fact have committed any of the crimes for which he was arrested. The law also provides that the police officer's subjective reason—that is, his state of mind— for making the arrest is irrelevant if probable cause otherwise exists.

The existence of probable cause is measured by the facts available to the officer at the time of the arrest and immediately before it, not based on later developments with the benefit of hindsight. Thus, the ultimate disposition of the criminal charges against plaintiff is irrelevant to this question. That is, probable cause for arrest may exist even if the charges are ultimately dismissed. Once there is probable cause to arrest an individual, the officer is not required to conduct a "more probing investigation," for example, by accepting explanations or defenses from the plaintiff. A police officer's function is to apprehend those reasonably suspected of wrongdoing, and he is expected to act when the facts establish the sort of fair probability of a crime that would cause a reasonable and prudent person, not a legal technician, to act.

Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it.

In addition, if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may arrest the offender. This means that if there was probable cause at the time of the arrest to believe that plaintiff had committed any crime, then the arrest was lawful.

68

Furthermore, if there is probable cause to arrest someone, the officer may do so, even if he has the option of issuing a summons instead.

I therefore will instruct you on the definitions of four different crimes under New York law which you should consider in determining whether the defendant had probable cause to arrest plaintiff.  Bear in mind, however, that you are being asked only to decide whether the defendant had probable cause to arrest the plaintiff for any of any of these crimes, not whether the plaintiff in fact was guilty of any of these crimes.

**First**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal sale of a controlled substance in the third degree</u>.  A person is guilty of criminal sale of a controlled substance in the third degree when that person knowingly and unlawfully sells a narcotic drug.

- "Sell" means to sell, exchange, give or dispose of to another.

- A person "knowingly sells" cocaine when that person is aware that he or she is selling a substance which contains cocaine.

- A person "unlawfully sells" cocaine when that person has no legal right to sell it.  Under New York law, with certain exceptions not applicable here, a person has no legal right to sell cocaine.

**Second**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the third degree</u>.  A person is guilty of criminal possession of a controlled substance in the third degree

when that person knowingly and unlawfully possesses cocaine with the intent to sell it.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

- A person "knowingly possesses" cocaine when that person is aware that he or she is in possession of cocaine.

- A person "unlawfully possesses" cocaine when that person has no legal right to possess it.  Under New York law, with certain exceptions not applicable here, a person has no legal right to possess cocaine.

- "Sell" means to sell, exchange, give or dispose of to another.

- "Intent" means conscious objective or purpose.  Thus, a person possesses cocaine with intent to sell it when his or her conscious objective or purpose is to sell the cocaine.

**Third**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the seventh degree</u>.  A person is guilty of criminal possession of a controlled substance in the seventh degree when that person knowingly and unlawfully possesses cocaine.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

- A person "knowingly possesses" a controlled substance when that person is aware that he or she is in possession of cocaine.

70

- A person "unlawfully possesses" a controlled substance when that person has no legal right to possess that substance. Under our law, with certain exceptions not applicable here, a person has no legal right to possess cocaine.

**Fourth,** the defendant contends that there was probable cause to arrest the plaintiff for <u>attempting to commit a crime</u>. A person is guilty of attempting to commit a crime when, with intent to commit a crime, that person engages in conduct which tends to effect the commission of such crime.

- "Intent" means a conscious objective or purpose. Thus, a person acts with intent to commit a crime when his or her conscious objective or purpose is to commit that crime.

- Conduct which "tends to effect" the commission of a crime means conduct which comes dangerously close or very near to the completion of the intended crime.

If, at the time the defendant arrested the plaintiff, there was probable cause to believe that he had committed any of these criminal acts, then you must find for defendant. If defendant lacked probable cause for the arrest, and all the other elements I have described are satisfied, then he did violate the plaintiff's constitutional rights, and you must find that he falsely arrested plaintiff. Please also note that you do not have to all agree on the specific crime for which probable cause existed, as long as you are unanimous in that each of you finds probable cause

71

for at least one crime.  You only need to be unanimous in finding that probable

cause existed for the arrest.

## IX.    **Damages**

I will now instruct you on damages.  You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.  I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

**Purpose of Damages**

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights. If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate her for any injury caused by the conduct of the defendant.

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive. You must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In calculating damages, do not add any amount for interest. The Court will do that automatically.

**Compensatory Damages**

Your decision on whether to award damages and the amount must be unanimous.  If the plaintiff has proved all of the required elements of a claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you determine he actually sustained as a proximate result of the defendant's misconduct with regard to that claim.  It is for you to determine the amount, if any, of money that would compensate plaintiff.

Compensatory damages are only those proximately caused by the actions of the defendant.  An act is a <u>proximate cause</u> of an injury if it is a substantial factor in bringing about the injury, and if the injury was a <u>reasonably foreseeable consequence</u> of the act.  Let me describe a few of these concepts to you.

First, you must always bear in mind when considering the issue of proximate cause that you are focused on the acts of the defendant.  That is, while other individuals may have played roles in the plaintiff's arrest and prosecution, the question for you in this case relates to this particular defendant's actions.

Second, proximate cause does not mean the sole or only cause.  A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  An action by the defendant need only have been a substantial factor in bringing about some result in order for it to constitute proximate cause of that result.

Third, an action only proximately causes those consequences that are reasonably foreseeable.  To be "reasonably foreseeable," an event must be able to be

anticipated as a natural and probable result.  The law draws a line between remote possibilities and those that are reasonably foreseeable because no person can be expected to guard against harm from events which are so unlikely to occur that the risk would commonly be disregarded.  The defendant is not charged with or responsible for acts of others that were not reasonably foreseeable.

Thus, if you find that defendant did falsely arrest the plaintiff, he is only liable for the reasonably foreseeable damages proximately caused by his own actions.

Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and unjustified loss of liberty.  In addition, if you find the plaintiff has mental anguish and suffering as a proximate result of the injuries sustained, these are recoverable as compensatory damages.  Damages for false arrest accrue at the time of the arrest and end at the arraignment.  They may include, however, mental anguish or suffering that went beyond the time of the actual confinement.

Finally, compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.

### Nominal Damages

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that he is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damages is called "nominal damages."

### Attorney's Fees

The award of attorneys' fees is a matter to be determined by the Court under federal law. Accordingly, if you award any damages to plaintiff for his claim against defendant, including nominal damages, you should not take into consideration any attorneys' fees.

**Punitive Damages**

If you find that plaintiff has proven that defendant is liable for false arrest, then you may also, in your discretion, make an award of punitive damages. Punitive damages may be awarded even if you find plaintiff has not suffered any actual damages. To be clear, if you find plaintiff has proven defendant's liability, you may – but are not obliged to – consider an award of punitive damages.

Punitive damages are awarded when, in your discretion, you deem it appropriate to award a sum of money to punish the defendant and to deter him and others from similar conduct in the future. You may only award plaintiff punitive damages if you find that the defendant acted maliciously or wantonly. An act is "malicious" if done with an evil motive or intent to violate a person's rights. An act is "wanton" if done with a reckless or callous disregard for a person's rights, meaning that the act is done without a belief that the act is legal and with knowledge that it might not be. You have the discretion to make such an award to deter or prevent a defendant and others like him, from committing such conduct in the future.

Should you decide to award punitive damages on a claim, you should bear in mind that the amount is not intended to compensate plaintiff for his injuries but rather to punish the defendant or to prevent similar conduct in the future. In deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or

whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

Finally, you the jury must be unanimous both that punitive damages should be imposed and as to any amount you decide to impose.

**CONCLUDING REMARKS**

**<u>Juror Note-Taking</u>**

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

**<u>Deliberations</u>**

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict

or solely because of the opinions of other jurors.  Adopt the conclusion that you honestly believe to be true.

During your deliberations, you will have the exhibits available to you.  You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

## **Procedure**

Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.  The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, just send me a note.  As I said, you have a copy of this set of instructions to take with you into the jury room.  You are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including the Court, at any time during your deliberations.

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
---                                            :
                                               :
FRANCISCO VARGAS,                              :
                                               :                14-cv-2511 (KBF)
                          Plaintiff,           :
              -v-                              :
                                               :
                                               :
DETECTIVE JOSEPH MARQUEZ,                       :
                                               :
                          Defendant.    X
-------------------------------------------------
----

**<u>JURY CHARGES</u>**

## GENERAL INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

### Role of the Jury

Your role is to pass upon and decide the facts in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining the facts, you must rely upon your own recollection of the evidence.

## Evidence

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence. It is only the answer which is evidence. Remember also that you are not to consider statements that I struck or told you to disregard. That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. This kind of evidence can be a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit. Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Circumstantial evidence is not any less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. We discussed a simple example of circumstantial evidence about umbrellas and rain when I spoke to you at the beginning of this trial. Another example is this—we will stick to the weather:

85

Suppose one night in January, the sky is clear when you go to sleep.  When you wake up in the morning and look outside, you see a blanket of white fluff on the ground.  You do not have direct evidence that it snowed—you didn't touch it or feel it or see it happen.  But it would be reasonable and logical—though not necessarily required—for you to conclude that sometime while you were asleep, it had snowed.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

**Credibility of Witnesses**

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open and candid?  Or did the witness appear evasive or as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of candor, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.

It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same

way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

### **Testimony of Police Officers**

In this case you have heard the testimony of (a) police officer(s). The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

## **Burden of Proof**

The standard under which you will decide whether the plaintiff has met his burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means that the evidence of the party having the burden of proof – here, the plaintiff – must be more convincing and persuasive to you than that offered by the opposing party.  The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof.  When something is proven by a preponderance of the evidence, it means that what the party claims is more likely than not true.

**SUBSTANTIVE INSTRUCTIONS**

    **X.**    **False Arrest**

Plaintiff has brought a false arrest claim under 42 U.S.C. § 1983, which is a federal civil rights law. Every person is entitled to be free from an unlawful or false arrest.  It is uncontested that plaintiff was arrested and detained.  An arrest is lawful if it is supported by probable cause.

There are several elements of a false arrest claim, and plaintiff has the burden to prove each of them by a preponderance of the evidence.  Only two of the elements are in dispute here.  Those are:

    (7)    Whether the defendant intentionally or recklessly deprived the plaintiff of a right to be free from a false arrest—that is, whether defendant lacked probable cause and intentionally or recklessly arrested plaintiff—and,

    (8)    Whether defendant's acts were the proximate cause of any injuries that plaintiff may have sustained.

### **Intent**

Let's talk first about intent.  As I just mentioned, to prove a claim for false arrest, plaintiff bears the burden of showing that the defendant acted intentionally or recklessly when he arrested the plaintiff without probable cause.  I will explain "probable cause" to you in a moment.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

### Probable Cause

The primary contested issue in this case relates to whether the defendant had probable cause to arrest the plaintiff.  If he did, plaintiff's claim must fail.  If he did not, then plaintiff's claim succeeds and you will move on to the question of damages.  Probable cause to arrest existed if the defendant officer had:

(7)     Knowledge or reasonably trustworthy information of facts and circumstances that were

(8)     sufficient to warrant a person of reasonable caution in the belief that plaintiff had committed, was committing, or was about to commit a crime.

A police officer bases a determination of probable cause on the totality of circumstances at the time of the events, as viewed by a reasonable and prudent police officer in light of his training and experience.  Probable cause exists when an officer has knowledge of facts and circumstances that collectively are of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that the person arrested committed, was committing, or was about to commit a crime.

The existence of probable cause is measured by the facts available to the officer at the time of the arrest and immediately before it, not based on later developments with the benefit of hindsight.  Thus, the ultimate disposition of the criminal charges against plaintiff is irrelevant to this question.  That is, probable cause for arrest may exist even if the charges are ultimately dismissed.  Once there

92

is probable cause to arrest an individual, the officer is not required to conduct a "more probing investigation," for example, by accepting explanations or defenses from the plaintiff.  A police officer's function is to apprehend those reasonably suspected of wrongdoing, and he is expected to act when the facts establish the sort of fair probability of a crime that would cause a reasonable and prudent person, not a legal technician, to act.

Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it.

Probable cause requires only the probability of criminal activity; it does not require certainty.  Nor does it not require an actual showing of criminal activity.  Moreover, it is not necessary to show that there was probable cause for each possible crime that an arrestee had committed, was committing, or was about to commit.  The officer need only have probable cause to believe that the arrestee had committed, was committing, or was about to commit a crime.  Thus, so long as there is probable cause for some crime, it is irrelevant if the crime the officer had in mind was the crime for which there was probable cause.

In addition, if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may arrest the offender. This means that if there was probable cause at the time of the arrest to believe that plaintiff had committed any crime, then the arrest was lawful. Furthermore, if there is probable cause to arrest someone, the officer may do so, even if he has the option of issuing a summons instead.

An arrest made with probable cause is lawful even though it may end up that the plaintiff may not in fact have committed any of the crimes for which he was arrested. The law also provides that the police officer's subjective reason—that is, his state of mind— for making the arrest is irrelevant if probable cause otherwise exists.

I therefore will instruct you on the definitions of four different crimes under New York law which you should consider in determining whether the defendant had probable cause to arrest plaintiff. Bear in mind, however, that you are being asked only to decide whether the defendant had probable cause to arrest the plaintiff for any of any of these crimes, not whether the plaintiff was in fact guilty of any of these crimes.

**First**, the defendant contends that there was probable cause to arrest the plaintiff for criminal sale of a controlled substance in the third degree. A person is guilty of criminal sale of a controlled substance in the third degree when that person knowingly and unlawfully sells a narcotic drug.

- "Sell" means to sell, exchange, give or dispose of to another.

- A person "knowingly sells" cocaine when that person is aware that he or she is selling a substance which contains cocaine.

- A person "unlawfully sells" cocaine when that person has no legal right to sell it. Under New York law, with certain exceptions not applicable here, a person has no legal right to sell cocaine.

94

**Second**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the third degree</u>.  A person is guilty of criminal possession of a controlled substance in the third degree when that person knowingly and unlawfully possesses cocaine with the intent to sell it.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

- A person "knowingly possesses" cocaine when that person is aware that he or she is in possession of cocaine.

- A person "unlawfully possesses" cocaine when that person has no legal right to possess it.  Under New York law, with certain exceptions not applicable here, a person has no legal right to possess cocaine.

- "Sell" means to sell, exchange, give or dispose of to another.

- "Intent" means conscious objective or purpose.  Thus, a person possesses cocaine with intent to sell it when his or her conscious objective or purpose is to sell the cocaine.

**Third**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the seventh degree</u>.  A person is guilty of criminal possession of a controlled substance in the seventh degree when that person knowingly and unlawfully possesses cocaine.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

- A person "knowingly possesses" a controlled substance when that person is aware that he or she is in possession of cocaine.

- A person "unlawfully possesses" a controlled substance when that person has no legal right to possess that substance.  Under our law, with certain exceptions not applicable here, a person has no legal right to possess cocaine.

**Fourth,** the defendant contends that there was probable cause to arrest the plaintiff for <u>attempting to commit a crime</u>.  A person is guilty of attempting to commit a crime when, with intent to commit a crime, that person engages in conduct which tends to effect the commission of such crime.

- "Intent" means a conscious objective or purpose. Thus, a person acts with intent to commit a crime when his or her conscious objective or purpose is to commit that crime.

- Conduct which "tends to effect" the commission of a crime means conduct which comes dangerously close or very near to the completion of the intended crime.

Please also note that you do not have to all agree on the specific crime for which probable cause existed, as long as you are unanimous in that each of you finds probable cause for at least one crime.  You only need to be unanimous in finding that probable cause existed for the arrest.

## XI.   **Damages**

I will now instruct you on damages.  You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.  I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

**Purpose of Damages**

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights.  If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate him for any injury caused by the conduct of the defendant.

The damages that you award must be fair and reasonable.  That is, they should be neither inadequate nor excessive.  You must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.  In calculating damages, do not add any amount for interest.  The Court will do that automatically.

**<u>Compensatory Damages</u>**

Your decision on whether to award damages and the amount must be unanimous.  If the plaintiff has proved all of the required elements of a claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you determine he actually sustained as a proximate result of the defendant's misconduct.

Compensatory damages are only those proximately caused by the actions of the defendant.  An act is a <u>proximate cause</u> of an injury if it is a substantial factor in bringing about the injury, and if the injury was a <u>reasonably foreseeable consequence</u> of the act.  Let me describe a few of these concepts to you.

First, you must always bear in mind when considering the issue of proximate cause that you are focused on the acts of the defendant.  That is, while other individuals may have played roles in the plaintiff's arrest, the question for you in this case relates to this particular defendant's actions.

Second, proximate cause does not mean the sole or only cause.  A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  An action by the defendant need only have been a substantial factor in bringing about some result in order for it to constitute proximate cause of that result.

Third, an action only proximately causes those consequences that are reasonably foreseeable.  To be "reasonably foreseeable," an event must be able to be anticipated as a natural and probable result.  The law draws a line between remote

possibilities and those that are reasonably foreseeable because no person can be expected to guard against harm from events which are so unlikely to occur that the risk would commonly be disregarded.  The defendant is not charged with or responsible for acts of others that were not reasonably foreseeable.

Thus, if you find that defendant did falsely arrest the plaintiff, he is only liable for the reasonably foreseeable damages proximately caused by his own actions.

Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and unjustified loss of liberty.  In addition, if you find the plaintiff has mental anguish and suffering as a proximate result of the injuries sustained, these are recoverable as compensatory damages.  Damages for false arrest accrue at the time of the arrest and end at the arraignment.  They may include, however, mental anguish or suffering that went beyond the time of the actual confinement.

Finally, compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.

**<u>Nominal Damages</u>**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that he is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damages is called "nominal damages."

**<u>Attorney's Fees</u>**

The award of attorneys' fees is a matter to be determined by the Court under federal law. Accordingly, if you award any damages to plaintiff for his claim against defendant, including nominal damages, you should not take into consideration any attorneys' fees.

### Punitive Damages

If you find that plaintiff has proven that defendant is liable for false arrest, then you may also, in your discretion, make an award of punitive damages. Punitive damages may be awarded even if you find plaintiff has not suffered any actual damages. To be clear, if you find plaintiff has proven defendant's liability, you may – but are not obliged to – consider an award of punitive damages.

Punitive damages are awarded when, in your discretion, you deem it appropriate to award a sum of money to punish the defendant and to deter him and others from similar conduct in the future. Put another way, the amount is not intended to compensate plaintiff for his injuries but rather to punish the defendant or to prevent similar conduct in the future. You may only award plaintiff punitive damages if you find that the defendant acted maliciously or wantonly. An act is "malicious" if done with an evil motive or intent to violate a person's rights. An act is "wanton" if done with a reckless or callous disregard for a person's rights, meaning that the act is done without a belief that the act is legal and with knowledge that it might not be. You have the discretion to make such an award to deter or prevent a defendant and others like him, from committing such conduct in the future.

In deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

Finally, you the jury must be unanimous both that punitive damages should be imposed and as to any amount you decide to impose.

**CONCLUDING REMARKS**

**Juror Note-Taking**

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

**Deliberations**

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict

104

or solely because of the opinions of other jurors.  Adopt the conclusion that you honestly believe to be true.

During your deliberations, you will have the exhibits available to you.  You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

### **Procedure**

Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.  The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, you will need to send me a note.  Everything is in writing and the Court shares all notes with the parties.  If you send me a note, you are not to reveal the standing of the jurors, that is, the split of the vote.

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
---                                            :
                                               :
FRANCISCO VARGAS,                              :
                                               :          14-cv-2511 (KBF)
                          Plaintiff,           :
                    -v-                         :
                                               :
                                               :
DETECTIVE JOSEPH MARQUEZ,                       :
                                               :
                          Defendant.      X
-------------------------------------------------------
----




**<u>JURY CHARGES</u>**




107

**GENERAL INSTRUCTIONS**

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

### Role of the Jury

Your role is to pass upon and decide the facts in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining the facts, you must rely upon your own recollection of the evidence.

## Evidence

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence.  It is only the answer which is evidence.  Remember also that you are not to consider statements that I struck or told you to disregard.  That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is direct evidence.  This kind of evidence can be a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard.  Direct evidence may also be in the form of an exhibit.  Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.  Circumstantial evidence is not any less valuable than direct evidence.  The law makes no distinction between direct and circumstantial evidence.  We discussed a simple example of circumstantial evidence about umbrellas and rain when I spoke to you at the beginning of this trial.  Another example is this—we will stick to the weather:

109

Suppose one night in January, the sky is clear when you go to sleep. When you wake up in the morning and look outside, you see a blanket of white fluff on the ground. You do not have direct evidence that it snowed—you didn't touch it or feel it or see it happen. But it would be reasonable and logical—though not necessarily required—for you to conclude that sometime while you were asleep, it had snowed.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

## Credibility of Witnesses

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open and candid?  Or did the witness appear evasive or as though the witness was trying to hide something? How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.

It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same

111

way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

### Testimony of Police Officers

In this case you have heard the testimony of (a) police officer(s). The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

**<u>Burden of Proof</u>**

The standard under which you will decide whether the plaintiff has met his burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means that the evidence of the party having the burden of proof – here, the plaintiff – must be more convincing and persuasive to you than that offered by the opposing party.  The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof.  When something is proven by a preponderance of the evidence, it means that what the party claims is more likely than not true.

**SUBSTANTIVE INSTRUCTIONS**

### XII.   <u>False Arrest</u>

Plaintiff has brought a false arrest claim under 42 U.S.C. § 1983, which is a federal civil rights law. Every person is entitled to be free from an unlawful or false arrest.  It is uncontested that plaintiff was arrested and detained.  An arrest is lawful if it is supported by probable cause.

There are several elements of a false arrest claim, and plaintiff has the burden to prove each of them by a preponderance of the evidence.  Only two of the elements are in dispute here.  Those are:

(9)     Whether the defendant intentionally or recklessly deprived the plaintiff of a right to be free from a false arrest—that is, whether defendant lacked probable cause and intentionally or recklessly arrested plaintiff—and,

(10)     Whether defendant's acts were the proximate cause of any injuries that plaintiff may have sustained.

## __Intent__

Let's talk first about intent.  As I just mentioned, to prove a claim for false arrest, plaintiff bears the burden of showing that the defendant acted intentionally or recklessly when he arrested the plaintiff without probable cause.  I will explain "probable cause" to you in a moment.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

**Probable Cause**

The primary contested issue in this case relates to whether the defendant had probable cause to arrest the plaintiff. If he did, plaintiff's claim must fail. If he did not, then plaintiff's claim succeeds and you will move on to the question of damages. Probable cause to arrest existed if the defendant officer had:

(9)    Knowledge or reasonably trustworthy information of facts and circumstances that were

(10)    sufficient to warrant a person of reasonable caution in the belief that plaintiff had committed, was committing, or was about to commit a crime.

A police officer bases a determination of probable cause on the totality of circumstances at the time of the events, as viewed by a reasonable and prudent police officer in light of his training and experience. Probable cause exists when an officer has knowledge of facts and circumstances that collectively are of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that the person arrested committed, was committing, or was about to commit a crime.

The existence of probable cause is measured by the facts available to the officer at the time of the arrest and immediately before it, not based on later developments with the benefit of hindsight. Thus, the ultimate disposition of the criminal charges against plaintiff is irrelevant to this question. That is, probable cause for arrest may exist even if the charges are ultimately dismissed. Once there

116

is probable cause to arrest an individual, the officer is not required to conduct a "more probing investigation," for example, by accepting explanations or defenses from the plaintiff.  A police officer's function is to apprehend those reasonably suspected of wrongdoing, and he is expected to act when the facts establish the sort of fair probability of a crime that would cause a reasonable and prudent person, not a legal technician, to act.

Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it.

Probable cause requires only the probability of criminal activity; it does not require certainty.  Nor does it not require an actual showing of criminal activity.  Moreover, it is not necessary to show that there was probable cause for each possible crime that an arrestee had committed, was committing, or was about to commit.  The officer need only have probable cause to believe that the arrestee had committed, was committing, or was about to commit a crime.  Thus, so long as there is probable cause for some crime, it is irrelevant if the crime the officer had in mind was the crime for which there was probable cause.

In addition, if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may arrest the offender. This means that if there was probable cause at the time of the arrest to believe that plaintiff had committed any crime, then the arrest was lawful.  Furthermore, if there is probable cause to arrest someone, the officer may do so, even if he has the option of issuing a summons instead.

117

An arrest made with probable cause is lawful even though it may end up that the plaintiff may not in fact have committed any of the crimes for which he was arrested.  The law also provides that the police officer's subjective reason—that is, his state of mind— for making the arrest is irrelevant if probable cause otherwise exists.

I therefore will instruct you on the definitions of four different crimes under New York law which you should consider in determining whether the defendant had probable cause to arrest plaintiff.  Bear in mind, however, that you are being asked only to decide whether the defendant had probable cause to arrest the plaintiff for any of any of these crimes, not whether the plaintiff was in fact guilty of any of these crimes.

**First**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal sale of a controlled substance in the third degree</u>.  A person is guilty of criminal sale of a controlled substance in the third degree when that person knowingly and unlawfully sells a narcotic drug.

- "Sell" means to sell, exchange, give or dispose of to another.

- A person "knowingly sells" cocaine when that person is aware that he or she is selling a substance which contains cocaine.

- A person "unlawfully sells" cocaine when that person has no legal right to sell it.  Under New York law, with certain exceptions not applicable here, a person has no legal right to sell cocaine.

**Second**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the third degree</u>. A person is guilty of criminal possession of a controlled substance in the third degree when that person knowingly and unlawfully possesses cocaine with the intent to sell it.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

- A person "knowingly possesses" cocaine when that person is aware that he or she is in possession of cocaine.

- A person "unlawfully possesses" cocaine when that person has no legal right to possess it. Under New York law, with certain exceptions not applicable here, a person has no legal right to possess cocaine.

- "Sell" means to sell, exchange, give or dispose of to another.

- "Intent" means conscious objective or purpose. Thus, a person possesses cocaine with intent to sell it when his or her conscious objective or purpose is to sell the cocaine.

**Third**, the defendant contends that there was probable cause to arrest the plaintiff for <u>criminal possession of a controlled substance in the seventh degree</u>. A person is guilty of criminal possession of a controlled substance in the seventh degree when that person knowingly and unlawfully possesses cocaine.

- "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property.

119

- A person "knowingly possesses" a controlled substance when that person is aware that he or she is in possession of cocaine.

- A person "unlawfully possesses" a controlled substance when that person has no legal right to possess that substance. Under our law, with certain exceptions not applicable here, a person has no legal right to possess cocaine.

**Fourth,** the defendant contends that there was probable cause to arrest the plaintiff for <u>attempting to commit a crime</u>. A person is guilty of attempting to commit a crime when, with intent to commit a crime, that person engages in conduct which tends to effect the commission of such crime.

- "Intent" means a conscious objective or purpose. Thus, a person acts with intent to commit a crime when his or her conscious objective or purpose is to commit that crime.

- Conduct which "tends to effect" the commission of a crime means conduct which comes dangerously close or very near to the completion of the intended crime.

Please also note that you do not have to all agree on the specific crime for which probable cause existed, as long as you are unanimous in that each of you finds probable cause for at least one crime. You only need to be unanimous in finding that probable cause existed for the arrest.

### XIII.  **Damages**

I will now instruct you on damages.  You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.  I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

**Purpose of Damages**

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights. If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate him for any injury caused by the conduct of the defendant.

The damages that you award must be fair and reasonable. That is, they should be neither inadequate nor excessive. You must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In calculating damages, do not add any amount for interest. The Court will do that automatically.

**Compensatory Damages**

Your decision on whether to award damages and the amount must be unanimous. If the plaintiff has proved all of the required elements of a claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you determine he actually sustained as a proximate result of the defendant's misconduct.

Compensatory damages are only those proximately caused by the actions of the defendant. An act is a <u>proximate cause</u> of an injury if it is a substantial factor in bringing about the injury, and if the injury was a <u>reasonably foreseeable consequence</u> of the act. Let me describe a few of these concepts to you.

First, you must always bear in mind when considering the issue of proximate cause that you are focused on the acts of the defendant. That is, while other individuals may have played roles in the plaintiff's arrest, the question for you in this case relates to this particular defendant's actions.

Second, proximate cause does not mean the sole or only cause. A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage. An action by the defendant need only have been a substantial factor in bringing about some result in order for it to constitute proximate cause of that result.

Third, an action only proximately causes those consequences that are reasonably foreseeable. To be "reasonably foreseeable," an event must be able to be anticipated as a natural and probable result. The law draws a line between remote

possibilities and those that are reasonably foreseeable because no person can be expected to guard against harm from events which are so unlikely to occur that the risk would commonly be disregarded.  The defendant is not charged with or responsible for acts of others that were not reasonably foreseeable.

Thus, if you find that defendant did falsely arrest the plaintiff, he is only liable for the reasonably foreseeable damages proximately caused by his own actions.

Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and unjustified loss of liberty.  In addition, if you find the plaintiff has mental anguish and suffering as a proximate result of the injuries sustained, these are recoverable as compensatory damages.  Damages for false arrest accrue at the time of the arrest and end at the arraignment.  They may include, however, mental anguish or suffering that went beyond the time of the actual confinement.

Finally, compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.

**<u>Nominal Damages</u>**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that he is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damages is called "nominal damages."

**<u>Attorney's Fees</u>**

The award of attorneys' fees is a matter to be determined by the Court under federal law. Accordingly, if you award any damages to plaintiff for his claim against defendant, including nominal damages, you should not take into consideration any attorneys' fees.

## **Punitive Damages**

If you find that plaintiff has proven that defendant is liable for false arrest, then you may also, in your discretion, make an award of punitive damages. Punitive damages may be awarded even if you find plaintiff has not suffered any actual damages.  To be clear, if you find plaintiff has proven defendant's liability, you may – but are not obliged to – consider an award of punitive damages.

Punitive damages are awarded when, in your discretion, you deem it appropriate to award a sum of money to punish the defendant and to deter him and others from similar conduct in the future.  Put another way, the amount is not intended to compensate plaintiff for his injuries but rather to punish the defendant or to prevent similar conduct in the future.  You may only award plaintiff punitive damages if you find that the defendant acted maliciously or wantonly.  An act is "malicious" if done with an evil motive or intent to violate a person's rights.  An act is "wanton" if done with a reckless or callous disregard for a person's rights, meaning that the act is done without a belief that the act is legal and with knowledge that it might not be.  You have the discretion to make such an award to deter or prevent a defendant and others like him, from committing such conduct in the future.

In deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

126

Finally, you the jury must be unanimous both that punitive damages should be imposed and as to any amount you decide to impose.

**CONCLUDING REMARKS**

### Juror Note-Taking

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

### Deliberations

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict

or solely because of the opinions of other jurors.  Adopt the conclusion that you honestly believe to be true.

During your deliberations, you will have the exhibits available to you.  You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

### **Procedure**

Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.  The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, you will need to send me a note. Everything is in writing and the Court shares all notes with the parties.  If you send me a note, you are not to reveal the standing of the jurors, that is, the split of the vote.

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
FRANCISCO VARGAS,                                            :
                                                             :
                                    Plaintiff,               :
                                                             :
                  -v-                                        :          14-cv-2511 (KBF)
                                                             :
DETECTIVE JOSEPH M. MARQUEZ,                                 :          <u>VERDICT SHEET</u>
                                                             :
                                    Defendant.               :
                                                             :
------------------------------------------------------------ X
KATHERINE B. FORREST, District Judge.


1. Did defendant Detective Joseph Marquez have a reasonable belief, even if
   mistaken, that plaintiff Francisco Vargas engaged in the sale of a controlled
   substance?


                      Yes _____    No _____


   **If you answered "yes," stop and do not answer any further questions.
   Only proceed to Question 2 if you answered "no."**


2. Do you find that the defendant falsely arrested the plaintiff on January 19,
   2013?


                      Yes _____    No _____


   **If you answered "yes," proceed to Question 3.**
   **If you answered "no," skip Questions 3 and 4 and proceed to
   Question 5.**

3.  If you answered "yes" to Question 1, what amount of damages has the plaintiff proven he suffered as a result of the false arrest?  (You must award at least $1 as nominal damages if you answered "yes" to Question 1.)

$ _____

4.  If you find that punitive damages are appropriate as to false arrest, enter the amount that the plaintiff has proven he is entitled to here.  (If you find that the plaintiff was falsely arrested, but do not find punitive damages appropriate, you may leave it blank or enter $0.)

$ _____

5.  Do you find that the defendant maliciously prosecuted the plaintiff?

Yes _____    No _____

**If you answered "yes," proceed to Question 6.**
**If you answered "no," stop and do no answer any further questions.**

6.  If you answered "yes" to Question 5, what amount of damages has the plaintiff proven he suffered as a result of the malicious prosecution?  (You must award at least $1 as nominal damages if you answered "yes" to Question 1.)

$ _____

7.  If you find that punitive damages are appropriate as to malicious prosecution, enter the amount that the plaintiff has proven he is entitled to here.  (If you find that the plaintiff was maliciously prosecuted, but do not find punitive damages appropriate, you may leave it blank or enter $0.)

$ _____

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:      New York, New York
              March _____, 2016

_____
FOREPERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                               :
FRANCISCO VARGAS,                   :
                               :
              Plaintiff,     :
                               :
           -v-            :            14-cv-2511 (KBF)
                               :
DETECTIVE JOSEPH M. MARQUEZ,   :           <u>VERDICT SHEET</u>
                               :
              Defendant.    :
                               :
------------------------------------------------------------- X
KATHERINE B. FORREST, District Judge.


1.    Did defendant Detective Joseph Marquez have a reasonable belief, even if
      mistaken, that plaintiff Francisco Vargas committed, was committing, or was
      about to commit an offense involving a controlled substance?


                   Yes _____    No _____


**If you answered "yes," you are done.  Do not answer any further questions.  Sign this form on the last page and give it to the marshal.**

**Only proceed to Question 2 if you answered "no."**


2.    Do you find that the defendant falsely arrested the plaintiff on January 19,
      2013?


                   Yes _____    No _____


**If you answered "no," you are done.  Do not answer any further questions.  Sign this form on the last page and give it to the marshal.**

**Only proceed to Questions 3 and 4 if you answered "yes."**

134

3. If you answered "yes" to Question 2, what amount of damages has the plaintiff proven he suffered as a result of the false arrest?  (You must award at least $1 as nominal damages if you answered "yes" to Question 2.)

$ _____

4. If you find that punitive damages are appropriate as to false arrest, enter the amount that the plaintiff has proven he is entitled to here.  (If you find that the plaintiff was falsely arrested, but do not find punitive damages appropriate, you may leave it blank or enter $0.)

$ _____

Please sign and date the form and tell the marshal that the jury has reached a verdict.

Dated:       New York, New York
             March ____, 2016


_____          _____
          FOREPERSON


_____          _____



_____          _____



_____          _____